Rattet, Pasternak & Gordon-Oliver, LLP
Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

Hearing Date: November 5, 2009
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

MILTON PETRO PROPERTIES, INC.

Chapter 11
Case No. 09-10134 (ALG)

Debtor.

-----------------------------------------------------------X

## APPLICATION OF DEBTOR IN SUPPORT OF MOTION AUTHORIZING VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

### TO: THE HONORABLE ALLAN L. GROPPER, UNITED STATES BANKRUPTCY JUDGE:

1. The application of the above captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys, Rattet, Pasternak & Gordon-Oliver, LLP, respectfully represents ands alleges as follows:

### PRELIMINARY STATEMENT

2. The Debtor files this motion seeking a voluntary dismissal of its Chapter 11 proceeding as no purpose would be served by continuing the Chapter 11 case. No creditors will be prejudiced by the dismissal because the assets of the estate are being foreclosed upon and the Debtor is no longer in possession of the premises. Because there is no benefit to be gained from continuing the Chapter 11 case as there are no assets to administer and the stay has already been lifted, the Debtor respectfully submits that the

relief requested is in the best interest of the Debtor, its estate and its creditors.

## BACKGROUND

3. On or about January 9, 2009 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Code"). No trustee, examiner or creditor's committee has been appointed in said proceeding.

4. As of the Filing Date the Debtor's sole asset consisted of improved real property ("Property") located at Southwest Quadrant of Route 254 and Interstate 80 (Exit 215) in Milton, PA., where a truck stop was operated by an entity affiliated with the Debtor's principal

5. On the Filing date, the Debtor's assets consisted of the Property and any income derived from the Property.

6. The Debtor's Chapter 11 case is within the scope of single asset real estate as defined in section 101(51B).

7. The Debtor's Property is encumbered by secured obligations owed to SCC3, LLC successor by assignment to Silar Special Opportunities Fund, L.P. ("SCC3") in the claimed amount of no less than $17,924,048. SCC3 holds both a first priority mortgage, assignment of rents and blanket lien upon all of the Debtor's real and personal property and assets and prior to the Filing Date commenced a foreclosure action against the Debtor in the Court of Common Pleas, Northumberland County, Pennsylvania (the "Foreclosure Action").

8. On May 22, 2009 and despite the Debtor's concerted efforts to reorganize, the Court entered an order lifting the automatic stay to allow SCC3 to continue the

Foreclosure Action. That action is continuing.

9. Upon information and belief, the Property and the operations thereon are in the possession of a receiver appointed on behalf of Silar in the Foreclosure Action.

## CURRENT STATUS OF THE DEBTOR'S OPERATIONS

10. As stated above the Debtor's assets are totally encumbered by the liens of SCC3. In addition, the Debtor is no longer in possession of the Property and has not and continues to not receive any income from the Property.

11. The Debtor respectfully submits that no purpose or goal would be satisfied with the case remaining in Chapter 11. There are no other assets to administer for the benefit of creditors, except SCC3, which is pursuing its remedies in state court.

## RELIEF REQUESTED

12. By its present application the Debtor seeks an order dismissing the Chapter 11 proceedings.

13. Section 1112 of the Bankruptcy Code provides for conversion or dismissal of a Chapter 11 proceeding. Specifically, section 1112(b)(1) provides:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

14. Thus, under section 1112(b), in determining whether to convert or dismiss a chapter 11 proceeding the court must first determine what is in the best interests of creditors and the estate. See In re Continental Holdings 170 B.R. 919, 927 (Bankr. N.D. Ohio, Eastern Division 1994); In re Gonic Realty Trust 909 F.2d 264 (1st Cir. 1990)

(when all that remains of the bankruptcy proceeding are issues to be litigated in state court, the case should be dismissed); Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir. 1989) (inability to effectuate a plan is grounds for dismissal).

15. In the case of In re Johnston 149 B.R. 158 (9th Cir B.A.P. 1992) the Bankruptcy Appellate Panel for the ninth circuit, in evaluating the merits of a motion to dismiss or convert to Chapter 7, held:

> The record shows that Johnston lacked the income which would indicate a reasonable likelihood of rehabilitation. Furthermore, the position of creditors was continuing to erode and creditors were not likely to be satisfied if the case remained in a Chapter 11. This constituted sufficient grounds for conversion of the case under §1112(b)(1). See In re Koerner, 800 F.2d 1358, 1368 (5th Cir 1986) (a debtor's inability to effectuate a plan and the resulting detriment to creditors constitutes cause to convert a case to a Chapter 7); see also, In re Air Beds, Inc., 92 B.R. 419, 424 (9th Cir. BAP 1988); In re Fossum, 764 F.2d 520, 521-2 (8th Cir. 1985).

16. Although the Johnston Court ultimately converted the case in question, the same rationale is often used in determining whether dismissal is appropriate. The Debtor submits that the likelihood that it will lose its interest in the Property along with the inability to effectuate a plan justify dismissal of the case.

17. The determination of what constitutes "cause" is within the discretion of the Court and is not limited by the specific acts set forth in §1112(b). As held by the court in In re Rey, 2006 WL 2457435 (Bankr. N.D. Ill.) "The list is not exhaustive, and the Court is free to consider other factors and use its equitable powers to reach and appropriate result, Id. The Rey court went on to state "If cause" is shown, the choice of

conversion or dismissal depends on which is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b). Whether to dismiss, convert, or do neither is a decision committed to the bankruptcy courts "broad discretion." In re Woodbrook Assoc., 19 F.3d 312, 316 (7th Cir, 1994)." Id.

18. Applying the teachings of the above-cited cases, it is clear that dismissal of the Debtor's Chapter 11 proceedings is appropriate. As the Court is aware, the Debtor filed the instant Chapter 11 as a result of the impending foreclosure action and application for a receiver by SCC3.

19. As the stay has been lifted and the foreclosure and receivership litigation are active again, there is no purpose to be served by continuing the Chapter 11 proceeding.

20. As a result of the foregoing, the Debtor respectfully requests the entry of an Order authorizing the voluntary dismissal of the Debtor's Chapter 11 case pursuant to 11 USC Section 1112(b) as being in the best interest of all parties at this time.

**WHEREFORE,** the Debtor requests the voluntary dismissal of its Chapter 11 proceeding in accordance with this Application, together with such other and further relief

as is just, proper and equitable under the circumstances.

Dated: October 6, 2009
      Harrison, New York

                              RATTET, PASTERNAK & GORDON-OLIVER, LLP
                              Attorneys for the Debtor
                              550 Mamaroneck Avenue, Suite 510
                              Harrison, New York 10528
                              (914) 381-7400

                              By: _/s/ *Jonathan S. Pasternak*_____
                                    Jonathan S. Pasternak